E. McLaughlin Estate Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 21285. Promulgated January 20, 1931.

*Philip G. Sheehy, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

1268

OPINION.

SEAWELL: The record in this case is far from being satisfactory. E. McLaughlin in 1903 purchased the Turk and Jones Streets prop-

erty for $160,000, and in 1911 he caused the petitioner to be organized and all its stock, aggregating $500,000 par value, to be subscribed for in the names of himself and his four daughters, as shown in the findings of fact, the subscribers becoming not only the sole stockholders, but also the board of directors of the corporation as well. The board of directors and stockholders, acting for the corporation, purchased in 1911 from E. McLaughlin (who owned 92 per cent of the corporation's stock) this Turk and Jones Streets property for the agreed price of $160,000 and also many other parcels of real estate at the cost price to the grantor, all of it aggregating $784,500. In payment for this property so conveyed by E. McLaughlin the corporation issued all its capital stock to the subscribers, as shown in the findings of fact. In 1924 the Turk and Jones Streets property was sold by the corporation, the petitioner herein, the stock of which was still held by the original subscribers in their several amounts as subscribed, for the sum of $134,229.21.

The petitioner, relying upon its conception of the law of the case—that the purchase price of the Turk and Jones Streets property as agreed upon by the petitioner and the said E. McLaughlin is the basis for determining gain or loss, neglected to show the value or amount of the stock paid for the land, or the value of the land either at the time of the conveyance to the petitioner or on March 1, 1913. The fact that the Turk and Jones Streets property was set up as an asset on the corporation's books at $160,000 and that this lot together with the other parcels of land conveyed were set up at a value far in excess of the amount of the capital stock of the corporation, does not show the value of the land as a whole or of any of the parcels. While the statute (section 204 (b) of the Revenue Act of 1924) makes the cost or fair market value on March 1, 1913, of the land acquired before March 1, 1913, whichever is greater, the basis for determining gain or loss, we find that evidence, both of the cost and of the fair market value on March 1, 1913, of the Turk and Jones Streets property is absent from the record in this case. Although it was agreed between the corporation and E. McLaughlin that the purchase price of said property should be $160,000, unless the value of the stock paid for the land can be ascertained, we can not know what the corporation actually paid for it—that is, the cost of the land to the petitioner in 1911. If the value of the assets of the corporation had been shown the value of the stock issued might have been determined, but this proof was also absent in this case.

The Commissioner having ascertained and determined the March 1, 1913, value of the land to be $126,500, and the petitioner having failed to show the value at said time to be different, and having failed to

show the cost of the land to the petitioner when acquired prior to 1913, under the law applicable in this case the Commissioner's determination must be approved.

*Judgment will be entered for the respondent.*